UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HUGO A VELASQUEZ MENDEZ,

       Plaintiff,

    v.

Case No. 2:25-cv-1211-KCD-DNF

WARDEN, GLADES COUNTY
DETENTION CENTER,
SECRETARY, UNITED STATES
DEPARTMENT OF HOMELAND
SECURITY, IN HER OFFICIAL
CAPACITY; AND  UNITED
STATES ATTORNEY GENERAL,
IN HER OFFICIAL CAPACITY;

       Defendants,

                           /

## ORDER

A few weeks ago, this Court granted Hugo A. Velasquez Mendez's petition for a writ of habeas corpus. (Doc. 13.)[1] We told the Government to do one thing: provide Mendez with a bond hearing under 8 U.S.C. § 1226(a). (*Id.* at 6.) The Government did so. (Doc. 14-2.) Now, Mendez is back. Unhappy with the outcome of that hearing, he asks this Court to order his immediate release or force the Government to hold yet another hearing. (Doc. 14 at 5.) For the reasons below, his motion is **DENIED**.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

When an individual is detained under § 1226(a), as the Court found with Mendez here, the Attorney General (acting through an immigration judge) has the discretion to release that person on bond. But Congress also made a choice about who gets to review that decision. And the answer it gave was: not the federal courts. Section 1226(e) plainly states that the Attorney General's discretionary judgment "shall not be subject to review," and "[n]o court may set aside any action or decision" regarding the "detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). This provision strips federal courts of authority to review "a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [an alien's] detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018); *see also Mayorga v. Meade*, No. 24-CV-22131, 2024 WL 4298815, at *8 (S.D. Fla. Sept. 26, 2024) ("[T]his Court does not have jurisdiction to review the decision of the immigration judge to deny Petitioner bond[.]").

Mendez argues that he did not get a *real* bond hearing. He points out that the immigration judge ("IJ") stubbornly—and wrongly, in this Court's view—maintained that he lacked jurisdiction to grant bond because Mendez is an "arriving alien." (Doc. 14-1.) If the IJ had simply stopped there, we might have a different case. We would have a judge refusing to exercise the discretion the law demands. But the IJ did not stop there. He went on to

make an explicit, alternative finding on the merits. He looked at Mendez's record—specifically, a history of driving without a valid license—and concluded that he was a public safety risk and a poor candidate for bail. (Doc. 14-2.)

Mendez strongly disagrees with that assessment. He argues that the evidence actually showed only one recent traffic citation, not seven arrests as the IJ claimed, and thus his conclusion was entirely inconsistent with the record. (Doc. 14 at 2-3.) Notably, Mendez does not say that the process itself was fundamentally unfair under constitutional standards. He does not claim he was denied notice or stripped of a chance to present evidence. (*See* Doc. 14 at 3-4.) His quarrel is strictly with the immigration judge's reading of the record—a garden-variety dispute over the evidence, not a claim of constitutional deprivation. *See Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision, we are limited to reviewing only [the plaintiff's] challenges that pertain to the adequacy of process he received at his bond hearing."); *see also Vidal-Martinez v. Prim*, No. 20 C 5099, 2020 WL 6441341, at *3 (N.D. Ill. Nov. 3, 2020).

Mendez may be right. The IJ's reading of the evidence may very well have been flawed. But a bad decision is still a decision. And under § 1226(e),

3

it is a decision this Court has absolutely no power to second-guess. We are not a court of appeals for immigration judges. We cannot grade their homework, reweigh the evidence they reviewed, or substitute our judgment for theirs just because we might have ruled differently. *See, e.g., Zheng v. Rokosky*, No. 26-CV-01689, 2026 WL 800203, at *5 (D.N.J. Mar. 23, 2026) ("This Court is not permitted to re-weigh evidence or determine credibility; that is committed to the discretion of the IJ."); *see also Marroquin v. Noem*, No. CV 26-45-DLB, 2026 WL 575222, at *4 (E.D. Ky. Mar. 2, 2026).

Mendez got the process the statute requires: an individualized bond hearing where an immigration judge assessed his danger to the community. That the judge ruled against him on the merits—however clumsily—does not give this Court a license to intervene. *See Zabaleta v. Decker*, 331 F. Supp. 3d 67, 72 (S.D.N.Y. 2018) ("A decision is discretionary and therefore beyond this Court's jurisdiction to review, when it pertains to the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion."); *see also Coffie-Joseph v. Oddo*, No. 3:24-CV-114-KAP, 2025 WL 2596940, at *1 (W.D. Pa. Sept. 8, 2025).

**ORDERED** in Fort Myers, Florida on April 1, 2026.

Kyle C. Dudek
United States District Judge

4